IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULARE LOCAL HEALTH CARE DISTRICT, a California local health care district, dba TULARE REGIONAL MEDICAL CENTER, et al.,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, et al.,<br><br>　　　　Respondents. | Case No. 3:15-cv-02711-SC<br><br>ORDER DENYING PETITIONERS' MOTION TO REMAND |

　　Now before the Court is Petitioners Tulare Local Health Care District, et al.'s ("Tulare") motion to remand. ECF No. 4 ("Mot."). The motion is fully briefed,[1] and the Court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Petitioners' motion is DENIED.

I. **BACKGROUND**

　　Respondent California Department of Health Care Services ("DHCS") administers Medi-Cal, a federally-subsidized program that

---

[1] ECF Nos. 14 ("Opp'n"), 15 ("Reply"), 18 ("Resp. Suppl. Br."), 19 ("Pet. Suppl. Br.").

provides medical services to California's "aged" and those "who lack sufficient annual income to meet the costs of health care." Cal. Welf. & Inst. Code § 14000.  To receive federal funding for Medi-Cal, the state must present the federal government with its Medicaid "plan" which, among other things, determines the rates at which the state will reimburse providers of health services.  See 42 U.S.C. §§ 1396-1, 1396a(a) (2012).

Petitioners are seventeen hospitals that provide services to persons covered by Medi-Cal.  On May 14, 2015, they filed suit against DHCS in California Superior Court.  In their first cause of action, Petitioners seek a writ of mandate to enforce 42 U.S.C. § 1396a(a)(30)(A) ("Section (30)(A)") which requires state plans to "assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area."  The petition alleges that DHCS violated Section (30)(A) from July 1, 2008 to April 3, 2011 by allegedly reimbursing providers at rates lower than Section (30)(A) permits.  The second cause of action alleges that DHCS treated "contract" hospitals differently than "noncontract" hospitals in the reimbursement rates provided for in the Medicaid State plan, violating the Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 7 of the California Constitution.  The third cause of action seeks declaratory relief that the rate cuts are invalid and unlawful.

Petitioners seek an order "(a) declaring the . . . rate cuts to be void and invalid; (b) compelling the Department not to apply

said rate cuts and to reverse any such rate cuts that have been applied; and (c) commanding the Department to disgorge and pay the Petitioners the amounts wrongfully withheld from them, plus interest." ECF No. 1 ("Pet.") at 20. They also seek "Retroactive and prospective Medi-Cal reimbursement reversing in full the effects of the illegal rate cuts" and "compensatory damages" and "attorneys' fees." Id.

On June 17, 2015, Respondents removed this action to the United States District Court for the Northern District of California on the grounds that this Court maintains original jurisdiction over claims arising under the laws of the United States. On June 22, 2015, Petitioners filed a motion to remand back to state court.

## II. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

3

## III. DISCUSSION

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. The "arising under" qualification of § 1331 confers jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954–55 (9th Cir. 2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, there can be no question that Plaintiffs' state court complaint raises a number of issues of federal law, including the adequacy of Medi-Cal reimbursements under Section (30)(A) and the Equal Protection Clause of the Fourteenth Amendment. It is true that the federal claims are raised by way of a cause of action created by state law, namely, a writ of mandate under California Civil Procedure Code section 1085. As the Supreme Court has

explained, however, "even though state law creates [a party's] causes of action, its case might still arise under the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 13 (1983)). Plaintiffs' claims unquestionably fit within this rule. See, e.g., Medina v. SEIU-United Healthcare Workers W., No. C 13-00858 SBA, 2013 WL 3157923, at *2-*3 (N.D. Cal. June 20, 2013) (upholding on federal question grounds the removal of a California mandamus action that sought to enforce federal law).[2]

Petitioners argue they do not have standing to bring their Section (30)(A) claims in federal court because of the Supreme Court's decision in Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378 (2015). Without standing, they argue, this Court does not have subject matter jurisdiction and removal from state court was improper. In Armstrong, the Supreme Court held that Section (30)(A) does not confer a private right of action and the sole remedy provided by Congress for a State's failure to comply with

---

[2] The original complaint in Medina sought a writ of mandate to enforce state law. The court, however, found that the state law was preempted by federal law -- namely, the Labor Management Relations Act ("LMRA") -- such that the writ of mandate actually sought to enforce federal law. Thus, because the action turned on the court's interpretation and application of the LMRA, the court held that removal was proper. See Medina, 2013 WL 3157923, at *2-*3. For our purposes, Medina illustrates that a federal district court has subject matter jurisdiction over actions seeking a writ of mandate where, as here, the writ of mandate seeks to enforce federal law.

Section (30)(A) is the withholding of Medicaid funds by the Secretary of Health and Human Services. See id. at 1385. Contrary to Petitioners' assertion, the Court never even mentioned standing. See also Armstrong v. Exceptional Child Center, Inc., No. 12-35382, 2015 WL 3540552, at *1 (9th Cir. June 5, 2015) (declining on remand to dismiss for lack of standing and dismissing instead for failure to state a claim upon which relief can be granted).

Standing contains three elements: injury-in-fact, a causal relationship between the injury and the conduct complained of, and a likelihood that the injury will be redressed by a favorable decision ("redressability"). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Petitioners argue that they lack standing for want of redressability. Not so. A favorable decision in this case would result in a judicial declaration that the rate cuts at issue are invalid and void and an order requiring DHCS to pay the Petitioners the difference. A favorable decision, in other words, would fully redress Petitioners' alleged injury.

It appears that Petitioners are actually arguing that a favorable decision is unlikely in light of Armstrong. Redressability, however, has to do with the likelihood that the injury will be redressed if a favorable decision is rendered, not the likelihood that a favorable decision will be rendered. Cf. Warth v. Seldin, 422 U.S. 490 (1975) (dismissing plaintiffs' case for lack of standing because the requested relief -- an invalidation of zoning ordinances -- was unlikely to redress the alleged injury -- a lack of affordable housing). Regardless, even if Petitioners lacked standing to assert their Section (30)(A) claim, they neglect the fact that they have also alleged a claim

under the Equal Protection Clause of the Fourteenth Amendment.

Petitioners also argue that the Eleventh Amendment deprives this Court of jurisdiction.  The Eleventh Amendment has no bearing on this case, however, as it only immunizes the State from suits by its citizens filed in federal court and offers no immunity to a defendant that voluntarily seeks out federal jurisdiction through removal.  See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002) (holding that a state waives its Eleventh Amendment immunity from suit in federal court when it voluntarily invokes federal jurisdiction by removing a case from state court to federal court).  Petitioners' argument is therefore without merit.

**IV. CONCLUSION**

For the forgoing reasons, Petitioners' motion to remand is DENIED.

IT IS SO ORDERED.

Dated: September  9 , 2015

_____
UNITED STATES DISTRICT JUDGE

7