UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TULARE LOCAL HEALTH CARE
DISTRICT, et al.,

      Petitioners,

    v.

CALIFORNIA DEPARTMENT OF
HEALTH CARE SERVICES, et al.,

      Respondents.

Case No. 15-cv-2711-PJH

**ORDER DENYING MOTION FOR
RECONSIDERATION**

     Before the court is petitioners' motion for leave to file a motion for reconsideration of the court's September 9, 2015, order denying the motion to remand, and motion for reconsideration of the order denying the motion to remand. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion for leave to file a motion for reconsideration.

     This case was filed in May 2015 as a petition for writ of mandamus under California Code of Civil Procedure § 1085, and for declaratory relief under California Code of Civil Procedure § 1060. The petition was originally filed in the Superior Court of California, County of San Francisco, and was removed to this court by respondents California Department of Health Care Services ("DHCS") and Director of DHCS on June 17, 2015, on the basis of federal question jurisdiction.

     Petitioners are 12 California hospitals or health care districts. They challenge the implementation of statutes enacted by the California Legislature, which reduced payments to certain MediCal (California Medicaid) providers. Petitioners allege that they

are all "non-contract" hospitals (hospitals not paid under a negotiated rate) and that DHCS has imposed 100% of the burden of the MediCal rate cuts solely on non-contract hospitals.

The federal agency that administers Medicaid, the Centers for Medicare and Medicaid Services ("CMS") ultimately approved some of the rate reductions, and California withdrew others. The rate cuts were in effect for approximately a two-year period. In 2011, the Legislature enacted another statute, which eliminated the 2008 and 2009 hospital rate cuts on a prospective basis, effective April 13, 2011, but left the prior rate cuts in effect. In the present case, petitioners seek to have the prior rate cuts declared unlawful, and allege that they should be reimbursed for the money they lost as a result of the rate cuts.

Petitioners allege two causes of action. In the first cause of action, they seek a writ of mandate for violation of "federal and state statutes and regulations." The principal federal statute at issue here is 42 U.S.C. § 1396a(a)(30) ("§ 30(A)"), which requires (among other things) that Medicaid payments be "consistent with efficiency . . . and economy." The terms "efficiency" and "economy" are defined under California law. See 22 C.C.R. § 51545(a)(30). Petitioners allege that it is impossible for the rate cuts to take into account the "efficiency" and "economy" of hospitals; and also assert that the rate cuts were enacted for budgetary reasons, which does not comport with the requirement that the payments be consistent with "efficiency" and "economy."

In the second cause of action, petitioners seek a writ of mandate for "violation of California and U.S. Constitutions," specifically alleging that the rate reductions discriminate against non-contract hospitals in favor of contract hospitals, in violation of the Equal Protection clauses of both the state and federal constitutions. They assert that statewide, non-contract hospitals provide 13.9% of the total inpatient days of care provided to MediCal patients, yet those noncontract hospitals are being forced to assume 100% of the burden of the rate reductions.

After the case was removed, it was assigned to Judge Samuel Conti. Petitioners

1   filed a motion to remand, arguing that there was no viable claim under federal law.  They

2   asserted that there was no viable claim under § 30(A), based on the U.S. Supreme

3   Court's March 2015 ruling that providers do not have a private right of action to assert a

4   claim under § 30(A) in federal court, and that there is no separate right to proceed in

5   equity under § 30(A).  See Armstrong v. Exceptional Child Center, Inc., 135 S.Ct. 1378

6   (2015).  Petitioners also argued that there was no viable claim under the Equal Protection

7   Clause, because the Ninth Circuit has held that § 30(A) does not create an individual

8   right enforceable under 42 U.S.C. § 1983 by either a Medicaid recipient or a provider of

9   Medicaid services.  See Sanchez v. Johnson, 416 F.3d 1051, 1060 (9th Cir. 2005).

10      On September 9, 2015, Judge Conti issued an order denying the motion to

11  remand, finding (1) that petitioners' complaint raised a number of issues of federal law,

12  including the adequacy of MediCal reimbursements under § 30(A) and the Equal

13  Protection Clause of the Fourteenth Amendment, and that the fact that the federal claims

14  were raised by way of a state law cause of action did not preclude a finding that the right

15  to relief under state law required resolution of a substantial question of federal law, which

16  was sufficient to create federal question jurisdiction; (2) that Armstrong held that § 30(A)

17  does not confer a private right of action, and that the sole remedy provided by Congress

18  for a state's failure to comply with § 30(A) is the withholding of Medicaid funds by the

19  Secretary of HHS; and (3) that petitioners' claim that they lacked standing in federal court

20  because of lack of redressability was without merit, but that regardless of whether

21  petitioners had standing, the petition still asserted a claim of violation of the Fourteenth

22  Amendment's Equal Protection Clause, clearly a federal claim.

23      Two months later, on November 3, 2015, following Judge Conti's retirement from

24  the court, the case was reassigned to the undersigned.  At the February 4, 2016, further

25  Case Management Conference, petitioners requested that the court stay the case

26  pending the Ninth Circuit's resolution of the pending appeal of C-08-5173-SC, Santa

27  Rosa Mem. Hosp. v. DHCS, which had previously been dismissed without prejudice,

28  based in part on the ruling in Armstrong.

Alternatively, petitioners requested that the case be "instantly remanded" to San Francisco Superior Court, so it could be properly coordinated with a similar case pending there, Santa Rosa Mem. Hosp. v. Maxwell-Jolly, Case No. CPF 09-509658, which had been originally filed in state court in 2009, and which also sought a writ of mandamus under § 1085 alleging violation of § 30(A) in connection with the MediCal rate cuts, and asserted an Equal Protection claim under the state and federal constitutions.

The court denied the informal renewed request to remand the case to state court, and alternative request to stay the case pending the Ninth Circuit's resolution of the appeal of the dismissal of C-08-5173-SC. The court directed that no later than March 9, 2016, petitioners could file a motion for leave to file a motion for reconsideration of the prior order denying remand.

Rather than seeking leave to file a motion for reconsideration, however, plaintiffs' counsel simply filed a motion for reconsideration on March 8, 2016. Petitioners argued that the case should be remanded because they had a viable § 30(A) cause of action in state court, and this case should be decided in state court where another § 30(A) MediCal case was on the verge of being decided (referring to Santa Rosa Mem. Hosp. v. Maxwell-Jolly). They also noted that under 28 U.S.C. § 1367(a), the court could accept supplemental jurisdiction over the state law claim for retroactive reimbursement, or could simply remand such claims to state court; and asserted that Armstrong did not preclude a remedy in state court.

On March 30, 2016, petitioners filed a request for leave to file an analysis of a decision issued nine and a half years previously by a judge of this court, granting a motion to remand in Cal. Healthcare Ass'n v. Shewry, Case No. C-06-4027-JSW, 2006 WL 2587123 (N.D. Cal. Sept. 8, 2006) ("CHA"). They asserted that in light of the fact that counsel had become aware of the CHA remand order only after respondents had filed their opposition to the motion for reconsideration, they felt that the court should consider the reasoning in the CHA decision because that case "pertain[ed] to an essentially identical set of facts."

4

1   In <u>CHA</u>, also filed as a petition for writ of mandamus under Code of Civil

2 Procedure § 1085, the petitioner challenged the method used by DHCS to calculate the

3 reimbursement rate for hospitals providing skilled nursing services to MediCal

4 beneficiaries.  DHCS removed the case from San Francisco Superior Court, alleging

5 federal question jurisdiction based on allegations of violation of § 30(A).

6   The court remanded the case, based on the holding in <u>Sanchez</u> that § 30(A) does

7 not confer a private right of enforcement through 42 U.S.C. § 1983; and also based on

8 <u>Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308 (2005), where the

9 Supreme Court held that even where the state action discloses a contested and

10 substantial federal question, the district court should be wary of finding in a removed case

11 that the claim qualifies for a federal forum, if the court finds that such a shift would upset

12 the balance between federal and state courts.  <u>CHA</u>, 2006 WL 2587123 at *5.

13   The court found that remand was warranted based on a balance of factors

14 including the fact that at that time, under Ninth Circuit authority, there was no private right

15 of action under § 30(A); the fact that the state court had invested significant time and

16 resources toward resolution of the disputed issues in other similar cases; and the fact

17 that the district courts are required to construe the removal statute strictly and reject

18 jurisdiction if there is any doubt regarding the propriety of removal.  Thus, the court

19 concluded, while the claims did raise an issue of federal law, removal would "disturb the

20 sound division of labor between state and federal courts."  <u>CHA</u>, 2006 WL 2587123 at *5.

21   In the present case, the court terminated the March 8, 2016 motion for leave to file

22 a motion for reconsideration, on the ground that petitioners had not sought leave to file

23 the motion as required by Local Rule 7-9(a), (b), (c), and also terminated the March 30,

24 2016, motion for leave to file an analysis of the <u>CHA</u> decision.  The court gave petitioners

25 until May 2, 2016, to file a motion for leave to file a motion for reconsideration, but added

26 that given that it was likely that any decision issued by the San Francisco Superior Court

27 in <u>Santa Rosa Mem. Hosp. v. Maxwell-Jolly</u>, might potentially impact the present case,

28 "the court is unlikely to issue a decision with regard to plaintiffs' motion for

reconsideration until the Superior Court has resolved the issues pending in that case."

Doc. 41 at 2-3.

On April 28, 2016, petitioners filed a "motion for leave to file a motion for reconsideration and motion for reconsideration" of the September 9, 2015, order denying remand. Petitioners argue that they have satisfied the requirements of Local Rule 7-9(b), pursuant to which "[t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following" –

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Petitioners contend that the September 8, 2006 remand order in the CHA case represents "a material difference in fact and law . . . from that which was presented to the [c]ourt before entry of the interlocutory order from which reconsideration is sought." They assert that "both cases" involve the same statutory provision, § 30(A); that in both cases, there is no private right of action in federal court to enforce § 30(A); that in both cases, the monetary relief the petitioners seek can only be awarded in state court; and that in both cases, the California courts have already invested substantial time and resources to resolving the issues in dispute.

Petitioners also contend that they "did not know such fact or law at the time of the interlocutory order" as required by Rule 7-9(b)(1). They provide a declaration from petitioners' counsel Dean Johnson, stating that while he "conducted numerous searches for relevant case law on Westlaw" while he was preparing the motion to remand, the

order in <u>CHA</u> "never appeared in the results of any of those Westlaw searches." He claims that he did not become aware of the <u>CHA</u> remand order until March 29, 2016, and it was the following day that he filed a request for leave to "file" the remand order with this court.

The court finds that petitioners failed to comply with the requirements of Civil Local Rule 7-9. The fact that petitioners' counsel did not "discover" the September 8, 2006, <u>CHA</u> remand order in WestLaw until March 29, 2016 does not mean that there is now a "material difference" in law from that which was presented to the court at the time of the original motion to remand. It certainly does not represent a "change of law" occurring after entry of the prior order denying remand. In light of the foregoing, petitioners' request for leave to file a motion for reconsideration is DENIED.

Moreover, the court notes that after the <u>CHA</u> case was remanded, the San Francisco Superior Court denied the writ of mandamus. The petitioners appealed, and on August 20, 2010, the California Court of Appeal reversed, sending the case back to the Superior Court with instructions to issue a writ of mandate, directing DHCS to (among other things) recalculate the reimbursement rate for the rate years from 2001 through 2006. <u>See</u> <u>Cal. Hosp. Ass'n v. Maxwell-Jolly</u>, 188 Cal. App. 4th 559 (2010), <u>as modified on denial of rehearing</u> (Sept. 16, 2010); <u>rev. denied</u> (Nov. 23, 2010); <u>cert. denied sub. nom.</u>, <u>Douglas v. Cal. Hosp. Ass'n</u>, 565 U.S. 815 (Oct. 3, 2011).

Thus, in May 2015, when petitioners filed the present action in San Francisco Superior Court, they could have reasonably believed they would prevail on their petition for writ of mandamus as to the § 30(A) claim in state court, based on the Court of Appeal's ruling in CHA. However, the court is flummoxed by the claim that petitioners' counsel was unaware until March 2016 that the <u>CHA</u> case had been remanded in September 2006, given that petitioners cited the Court of Appeal's decision in <u>CHA</u> (the same case that had previously been remanded from this court) extensively in the original motion to remand in this case, which was filed June 22, 2015, as well as in their July 25, 2015, reply to respondents' opposition to the motion to remand, in their March 8, 2016,

motion for reconsideration, and in their March 29, 2016, motion requesting leave to file an analysis of the CHA remand order.

As for the question whether this case should be remanded so that it can be considered in conjunction with the Santa Rosa Mem. Hospital case in San Francisco Superior Court, the court notes that the issues in that case have been fully heard and decided, and that the Superior Court issued an order on March 21, 2017, denying the petition for writ of mandamus, based on Keffeler v. Partnership Healthplan of Calif., 224 Cal. App. 4th 322 (2014), and Managed Pharmacy Care v. Sibelius, 716 F.3d 123 (9th Cir. 2013), and entered judgment on April 12, 2017.

In that case – just as here – the petitioners relied heavily on the California Court of Appeal's 2010 opinion in CHA, arguing that the Superior Court should issue the writ of mandamus, in line with the CHA decision. However, in between the time that the CHA decision was issued (2010) and the time that the Superior Court was considering the merits phase of the Santa Rosa Mem. Hosp. case (2016), the legal landscape was altered by the issuance of the decisions in Keffeler and Managed Pharmacy.

In the present case, to the extent that petitioners seek a writ of mandamus based on an alleged violation of § 30(A) and related federal regulations, while they will be unable to proceed on the first cause of action in this court, per Armstrong, 135 S.Ct. at 1385, it appears that Sanchez may not bar the second cause of action, which asserts a claim of violation of the Equal Protection Clause of the U.S. Constitution, not a claim under § 30(A). Moreover, it does not appear that petitioners will have any more success with the § 30(A) claim in the San Francisco Superior Court, given the recent decision in the Santa Rosa Mem. Hosp. case.

**IT IS SO ORDERED.**

Dated: May 11, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge